**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL HIPOLITO,<br><br>              Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>              Defendant. | Case No. 2:16-CV-02472 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In October of 2011, Plaintiff Daniel Hipolito applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1] Plaintiff, represented

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

by Roger David Drake, Esq. and Erika Bailey Drake, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9, 18). On April 21, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 21).

## II. BACKGROUND

Plaintiff applied for benefits on October 5 and 6 of 2011, respectively. (T at 17).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On July 16, 2014, a hearing was held before ALJ Mark Greenberg. (T at 38). Plaintiff appeared with his attorney and testified. (T at 40-67, 75-83). The ALJ also received testimony from David Van Winkle, a vocational expert (T at 67-75, 83-86).

On July 29, 2014, the ALJ issued a written decision denying the applications for benefits. (T at 14-34). The ALJ's decision became the Commissioner's final decision on March 11, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

---

[2] Citations to ("T") refer to the administrative record at Docket No. 12.

On April 11, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on September 19, 2016. (Docket No. 11). The parties filed a Joint Stipulation on February 17, 2017. (Docket No. 20).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be reversed and this case remanded for further proceedings.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.  Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C. Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 1, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2015 (the date last insured). (T at 19). The ALJ found that Plaintiff's diabetes mellitus, degenerative disc disease, hypertension, history of obesity, coronary artery disease, varicose veins, depression, and posttraumatic stress disorder were "severe" impairments under the Act. (Tr. 20).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 20).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR § 416.967 (c), with the following limitations: he is limited to occasional postural activities; he cannot have concentrated exposure to extreme heat; he can only perform unskilled, nonpublic work involving simple repetitive tasks; he can have only occasional interaction with co-workers and supervisors; he must be in a habituated work setting; and there can be no requirement of fast paced work (e.g. an assembly line). (T at 21).

The ALJ found that Plaintiff could not perform his past relevant work as an inventory clerk or machine operator. (T at 28). Considering Plaintiff's age (49 on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 29).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from May 1, 2010 (the alleged onset date) through July 29, 2014 (the date of the ALJ's decision). (T at 30). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

### D. Disputed Issues

As set forth in the parties' Joint Stipulation (Docket No. 20), Plaintiff offers three (3) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ did not properly weigh the medical evidence and develop the record concerning his VA rating. Second, Plaintiff challenges the ALJ's credibility determination. Third, he argues that the ALJ's step five findings were flawed. This Court will address each argument in turn.

## IV. ANALYSIS

### A. Medical Evidence/VA Rating

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

In addition, it is well-settled that although a Veteran's Administration ("VA") rating of disability is not binding on the Commissioner of Social Security, "the ALJ must consider the VA's finding in reaching his decision," and, indeed, "the ALJ

'must ordinarily give great weight to a VA determination of disability." *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011)(quoting *McCartey v. Massenari*, 298 F3d 1072 (9th Cir. 2002)). If the record "suggests a likelihood that there is a VA disability rating, and does not show what it is, the ALJ has a duty to inquire." *Id.*

In the present case, Plaintiff served in the Army and was deployed to Iraq and Kuwait before receiving an honorable discharge. (T at 43-44, 826, 913). During the hearing, Plaintiff testified that he was receiving compensation for a service-related disability. (T at 53, 76-77). However, the ALJ made no further inquiry to determine the nature and extent of the compensation and/or to ascertain what Plaintiff's VA disability rating was.

Plaintiff presented evidence of his VA rating to the Appeals Council. VA records indicated that Plaintiff has a 70% disability rating due to his major depressive disorder. (T at 846, 913). The Appeals Council considered this evidence and decided it did not provide a basis for changing the ALJ's decision. (T at 2).

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary

to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

In the Ninth Circuit, when the Appeals Council considers new evidence in the context of denying the claimant's request for review, the reviewing federal court must "consider the rulings of both the ALJ and the Appeals Council," and the record before the court includes the ALJ's decision and the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

Because the Appeals Council's decision to deny the claimant's request for review is not a "final decision" by the Commissioner, the federal courts have no jurisdiction to review it. Rather, the question presented is whether "the ALJ's decision is supported by substantial evidence after taking into account the new evidence." *Acheson v. Astrue*, No. CV-09-304, 2011 U.S. Dist. LEXIS 25898, at *11 (E.D. Wash. Mar. 11, 2011). If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Here, there is no question that the ALJ did not satisfy the duty of inquiry with regard to the VA disability rating. Under the circumstances, the ALJ clearly should

have developed the record further and erred by failing to do so. The remaining question is whether the error was harmless. This is, essentially, what the Appeals Council concluded – that the ALJ would have reached the same conclusion even if he had developed the record and considered the VA disability rating.

This Court finds that the circumstances show a substantial likelihood of prejudice and, as such, a remand is required. *See McLeod*, 640 F.3d at 888.

The medical opinion evidence was divided and the record contained significant documentation of disabling limitations. Dr. Samantha Case, a consultative examiner, diagnosed major depressive disorder (moderate to mild) and generalized anxiety disorder. (T at 518). She opined that Plaintiff could perform one or two simple and repetitive tasks on a regular basis; had "fair limitations" with regard to maintaining attendance, accepting supervision, and interacting with the public and co-workers; and had an "impaired" ability to deal with stress in the competitive work environment. (T at 519).

Dr. Flynn, Plaintiff's treating psychiatrist, assessed extreme limitation with regard to all aspects of work-related activity, including working with supervisors, co-workers, and the public; maintaining attention and concentration; and dealing with stress. (T at 428).

Dr. John Petzelt, a non-examining State Agency review consultant, found that Plaintiff could maintain attention and perform at an adequate pace with respect to simple and detailed tasks with normal breaks, although he might have difficulty with complex tasks infrequently. (T at 118). Dr. Sandip Sen, another non-examining State Agency review consultant, opined that Plaintiff could "meet the basic mental and emotional demands of simple, repetitive and detailed work of low complexity." (T at 137).

The ALJ gave little weight to Dr. Flynn's assessment, some weight to Dr. Case's opinion, and great weight to the findings of the State Agency review consultants. (T at 24-25).

Given that the assessments of Plaintiff's treating and examining physicians were at odds with the non-examining consultants, and given that resolution of that discrepancy was material to the ALJ's decision, this Court finds that the failure to develop the record and evaluate Plaintiff's VA disability rating was prejudicial to Plaintiff.

In sum, as a general matter, failure to address a VA disability rating is considered a serious error. Courts are reluctant to entertain *post-hoc* arguments that seek to retroactively justify an ALJ's decision that failed to properly account for the VA rating. Where, as here, the medical opinion evidence was divided and there is

compelling evidence of disability, the failure to address a VA disability rating cannot be considered harmless. *See Stebbins v. Colvin*, SACV, 14-1309, 2015 U.S. Dist. LEXIS 90776, at *13-14 (C.D. Cal. July 13, 2015); *see also Courtney v. Colvin*, No. EDCV 15-510, 2016 U.S. Dist. LEXIS 92415, at *4-11 (C.D. Cal. July 15, 2016). A remand is therefore required.

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the

symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 22).

This Court finds that the ALJ's credibility determination is flawed and should be revisited on remand. The ALJ found Plaintiff's activities of daily living inconsistent with his claims of disabling limitations. (T at 22). However, the ALJ cited Plaintiff's activities (personal care, meal preparation, shopping, visiting family), without addressing the supports required and limitations present with regard to this activities. For example, Plaintiff needs reminders to attend to personal care (T at 342-343, 423-24), including basic hygiene. (T at 344). Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and

activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

The ALJ also found that the medical evidence contradicted Plaintiff's subjective reports. (T at 22-23). However, this finding was impacted by the ALJ's failure to develop the record concerning Plaintiff's VA rating, as discussed above. Moreover, the ALJ cited to periodic points of improvement, without accounting for the wax and wane of symptoms. For example, although Plaintiff had some periods of relative improvement, he was hospitalized on multiple occasions with severe symptoms, including suicidal ideation. (T at 404, 407, 435, 449, 470, 650). The Ninth Circuit has cautioned against relying too heavily on the "wax and wane" of symptoms in the course of mental health treatment. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Id.*; *see also*

*Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

In particular, the ALJ must interpret evidence of improvement "with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Id.*

This Court finds the ALJ's credibility analysis flawed for the reasons outlined above.

**C.      Step Five Analysis**

The ALJ's step five analysis will likewise need to be revisited after the record has been further developed and reconsidered in light of the concerns identified above.

**D.      Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings

is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. The State Agency Review consultants rendered opinions consistent with the ALJ's RFC determination. The VA disability rating, although entitled to great weight, is not controlling. There is some evidence of improvement and successful management of Plaintiff's symptoms. While this evidence is not sufficient to sustain the ALJ's decision, it does raise some question as to the nature and extent of Plaintiff's limitations, making a remand for calculation of benefits inappropriate at this stage of the proceedings. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for further proceedings consistent with this Decision and Order; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees and costs.

DATED this 11th day of September, 2017,

<u>/s/Victor E. Bianchini</u>
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE